**Billy Vance HAMILTON, Jr., Relator,**

**v.**

**Honorable Bob W. ROBERTSON, Judge of 308th District Court of Harris County, Texas, Respondent.**

No. 01–88–00693–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 1988.

Rehearing Denied Sept. 28, 1989.

Billy Vance Hamilton, pro se.

Barry Boorstein, Houston, for respondent.

Before SMITH, COHEN and STEPHANOW, JJ.

## OPINION

PER CURIAM.

Relator, Billy Vance Hamilton, Jr., asks this Court to vacate the respondent's order of May 11, 1988, which sustained the district clerk's contest to relator's pauper affidavit.

■ Tex.R.App.P. 121, which details the requisite for a petition for writ of mandamus, provides, in pertinent part:

(C) The petition shall set forth in a concise and positive manner all facts that are necessary to establish relator's right to the relief sought. It shall be accompanied by a certified or sworn copy of the order complained of and other relevant exhibits.

(D) The petition shall state the relief sought and the basis for the relief, as well as the compelling circumstances which establish the necessity for the writ to issue.

Relator has provided only a copy of respondent's order. No other relevant exhibits have been provided. Relator refers to several documents in his petition, but these documents have not been provided to this Court. Nor has relator provided a statement of facts from the hearing on the contest.

Review of an order sustaining the contest of a pauper's affidavit is focused upon "whether an examination of the record as a whole establishes that the trial judge abused his discretion in sustaining the contest." *King v. Payne*, 156 Tex. 105, 292 S.W.2d 331 (1956). Relator has not provided any record; he, therefore, cannot establish that the respondent abused his discretion.

■ Relator also complains of respondent's imposition of monetary sanctions. Respondent found "the affidavit to proceed under pauper's oath was brought in bad faith" and imposed sanctions of $500. Respondent also ordered that no other motions, except appeal motions, be filed until the sanctions were paid in full.

Tex.R.Civ.P. 13 mandates that the signature of a party on a pleading constitutes "a certificate" that "to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment." Rule 13 provides that "if a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose sanctions available under Rule 215–2b ..."

Tex.R.Civ.P. 215 allows the trial court to impose various sanctions under appropriate circumstances. Rule 215 permits both types of sanctions imposed by respondent.

Relator has failed to demonstrate that respondent abused his discretion in the imposition of sanctions.

Relator's motion for leave to file a petition for writs of mandamus and prohibition is overruled.